```
                    UNITED STATES DISTRICT COURT FOR THE
                          DISTRICT OF NEW HAMPSHIRE
```

MACTEC Engineering &
Consulting, Inc.

    v.                                          Civil No. 06-cv-466-JD
                                              Opinion No. 2007 DNH 034

OneBeacon Insurance Company


O R D E R

MACTEC Engineering & Consulting, Inc., filed a declaratory judgment action in state court pursuant to New Hampshire Revised Statutes Annotated ("RSA") § 491:22, seeking a determination that OneBeacon Insurance Company is obligated to defend MACTEC against claims brought by Hitchiner Manufacturing Company, Inc., and Thomas & Betts Corporation (referred to as "Hitchiner") in an arbitration proceeding. OneBeacon removed the case to this court and was then granted leave to amend its answer to assert a counterclaim seeking a declaratory judgment that it has no duty to defend or indemnify MACTEC as to claims made in the Hitchiner complaint. MACTEC moved to dismiss OneBeacon's counterclaim. MACTEC also filed an emergency motion for a partial stay of discovery to avoid a deposition noticed for March 23, 2007, and to limit the scope of a deposition noticed for April 2, 2007.

MACTEC and OneBeacon both question whether Massachusetts or New Hampshire law governs this case. "To determine which state's laws apply to a particular case, [federal courts] employ the choice of law analysis of the forum state." Reicher v. Berkshire Life Ins. Co. of Am., 360 F.3d 1, 5 (1st Cir. 2004). A choice of law analysis is unnecessary, however, if no conflict exists in the potentially applicable law. Pure Distribs., Inc. v. Baker, 285 F.3d 150, 155 n.3 (1st Cir. 2002); A.M. Capen's Co., Inc. v. Am. Trading & Prod. Corp., 202 F.3d 469, 473 n.6 (1st Cir. 2000). In the absence of a conflict, the court applies the law of the forum state. Patrick v. Mass. Port Auth., 141 F. Supp. 2d 180, 187 n.6 (D.N.H. 2001).

In its emergency motion for a partial stay of discovery, MACTEC cites both New Hampshire and Massachusetts law and states in a footnote that the law of the two states with respect to an insurer's duty to defend is "virtually identical." OneBeacon states in it opposition to MACTEC's motion to dismiss that the law of New Hampshire and Massachusetts is the same as to the interpretation of insurance policies and the duty to defend but then asserts that the law of Massachusetts applies. Because neither party has demonstrated that an actual conflict exists between material law of New Hampshire and Massachusetts, the law of New Hampshire governs the substantive issues in this case.

I.  Motion to Dismiss

OneBeacon seeks a declaratory judgment that it owes no duty to defend or indemnify MACTEC in the Hitchiner action.[1]  MACTEC moves to dismiss OneBeacon's counterclaim on the duty to defend on the ground that OneBeacon is limited to asserting an affirmative defense and should not be permitted to bring a separate declaratory judgment claim.  MACTEC contends that the counterclaim for a declaration that OneBeacon does not owe a duty to indemnify is premature until a judgment is entered in the underlying arbitration proceeding.

In considering a motion to dismiss, the court "take[s] as true all well-pleaded allegations and draw[s] all reasonable inferences in the plaintiff's favor."  Ezra Charitable Trust v. Tyco Int'l, Ltd., 466 F.3d 1, 5-6 (1st Cir. 2006).  "The court need not accept a plaintiff's assertion that a factual allegation satisfies an element of a claim, however, nor must a court infer from the assertion of a legal conclusion that factual allegations could be made that would justify drawing such a conclusion." Cordero-Hernandez v. Hernandez-Ballesteros, 449 F.3d 240, 244 n.3 (1st Cir. 2006).  "A complaint should not be dismissed unless it is apparent beyond doubt that the plaintiff can prove no set of

---

[1] OneBeacon does not specify whether a declaratory judgment is sought under state or federal law.

facts in support of his claim that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (quotation marks omitted); accord Stanton v. Metro Corp., 438 F.3d 119, 123-24 (1st Cir. 2006).

MACTEC is mistaken that OneBeacon is limited to asserting affirmative defenses against MACTEC's declaratory judgment action. MACTEC seeks a declaratory judgment that it is entitled to a defense provided by OneBeacon.[2] If MACTEC is successful, that declaration would issue. If OneBeacon asserted a successful affirmative defense, MACTEC's claim would be denied, but no declaration would issue in OneBeacon's favor. On the other hand, however, if OneBeacon were successful on its counterclaim seeking a declaratory judgment in its favor, that it does not owe a duty to defend or to indemnify MACTEC, an order would issue establishing that OneBeacon did not owe that duty. Therefore, a

---

[2] "It is well-settled law in New Hampshire that an insurer's obligation to defend its insured is determined by whether the cause of action against the insured alleges sufficient facts in the pleadings to bring it within the express terms of the policy." Broom v. Cont'l Cas. Co., 152 N.H. 749, 753 (2005). "In determining whether a duty to defend exists based upon the sufficiency of the pleadings, we consider the reasonable expectations of the insured as to its rights under the policy." Id. The insurer's duty to defend is broader than the duty to indemnify. Ross v. Home Ins. Co., 146 N.H. 468, 473 (2001).

4

claim for a declaratory judgment is not the same thing as asserting an affirmative defense to the plaintiff's claim for the opposite relief.

MACTEC also argues that OneBeacon's claim for a declaratory judgment, that it is not obligated to provide indemnification, cannot be adjudicated unless and until the arbitration action is concluded.  The duty to indemnify arises from the terms of the policy.  See Keating v. United Instruments, Inc., 144 N.H. 393, 400 (1999); Concord Hosp. v. N.H. Med. Malpractice Joint Underwriting Ass'n, 142 N.H. 59, 61 (1997).  Although the obligation to pay and the amount owed are not determined until judgment enters in the underlying action, a declaratory judgment action can and often does determine whether a duty exists under the policy to provide indemnification before the underlying liability is reduced to judgment.  See, e.g., Merchants Mut. Ins. Co. v. Laighton Homes, LLC, 153 N.H. 485, 486 (2006); Broom v. Cont'l Cas. Co., 152 N.H. 749, 752 (2005).  If the underlying action determines that the insured is not liable, however, the declaratory judgment action becomes moot.  See Tothill v. Estate of Warren Center, 152 N.H. 389, 390 (2005).

MACTEC provides no basis to dismiss OneBeacon's counterclaim for a declaratory judgment that it owes no duty to defend or to indemnify MACTEC in the underlying arbitration proceeding.

II.  Emergency Motion for Partial Stay of Discovery and to Quash Deposition

MACTEC moves for an immediate partial stay of discovery to avoid its deposition to be taken on March 23 and to limit the scope of a subsequent deposition.  The premise of MACTEC's motion is that OneBeacon's counterclaim would be dismissed, making discovery pertaining to the counterclaim unnecessary.  MACTEC's motion to dismiss, however, is denied.  Therefore, the emergency motion is also denied.

Conclusion

For the foregoing reasons, the plaintiff's motion to dismiss (document no. 19) and the plaintiff's emergency motion for a partial stay (document no. 22) are denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

March 21, 2007

cc:  Jeffrey T. Edwards, Esquire
     Peter G. Hermes, Esquire
     Daniel P. Luker, Esquire
     Joshua E. Menard, Esquire
     Erica E. Sullivan, Esquire
     Roy T. Pierce, Esquire