UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

MACTEC ENGINEERING & )
CONSULTING, INC., )
)
)
      Plaintiff, )   Docket No. 1:06-CV-466-JD
)
v. )
)
ONEBEACON INSURANCE COMPANY, )
)
)
      Defendant. )

## STIPULATED PROTECTIVE ORDER

Good cause having been found, and the parties having so stipulated, IT IS HEREBY ORDERED that:

    1.    The following terms are used in this Order, and shall have the meanings below:

    a.    "Producing Party" means a party to this action or a non-party to this action that produces information, including documents, responses to interrogatories and requests for admissions, and deposition testimony, in connection with discovery taken in this action.

    b.    "Designating Party" means a Producing Party that elects to designate information, pursuant to this Agreement, as "Confidential Material."

    c.    "Confidential Material" means [1] detailed legal fee and cost bills, and [2] any other sensitive information, including but not limited to information protected by the attorney client privilege and/or work product doctrine, protectible trade secrets, the disclosure of which might adversely affect a party's or a Producing Party's competitive position or business operations, or might adversely affect or prejudice the position taken by plaintiff in its defense of

1246901.1

any underlying claim or action. The term "Confidential Material" also encompasses filings that are presented to the Court or to any alternative dispute resolution proceeding that discuss, contain or otherwise refer to Confidential Material.

2. A Producing Party may designate information as Confidential Material using the following protocols:

a. In case of documents and the information contained therein, designation shall be made by stamping each page with a confidential designation.

b. In the case of responses to interrogatories or requests for admissions and the information contained therein, designation shall be made by means of a statement at the conclusion of such responses specifying the responses or parts thereof which are designated as confidential. An appropriate legend shall be placed on each page of any set of responses to interrogatories or requests for admissions which contains information designated as confidential.

c. In the case of depositions of persons who are currently or previously associated with or employed by a Producing Party, or persons who otherwise had or have access to Confidential Material, and the information contained in such depositions (including exhibits), designation of the portion of the transcript (including exhibits) which contains Confidential Material shall be made by a statement to such effect on the record in the course of the deposition, or within 45 days following receipt of the transcript either by the deposing party's counsel, or by counsel for the Designating Party whose Confidential Material was the subject of the deposition.

d. To the extent that a confidential designation is made with respect to deposition or other testimony that is recorded by stenographic means, the court reporter shall place a legend of confidentiality on the original and each copy of the transcript together with a statement identifying the pages or portions of the pages of the depositions which are designated

as confidential.  To the extent that a confidential designation is made with respect to deposition or other testimony that is recorded by videographic means, the videographer shall place a legend of confidentiality on the outside of the video, and each copy thereof, together with a statement identifying the portions of the video which are designated confidential.

      3.      All material produced in discovery in this action shall be used solely for purposes of this action, including any appeals.  Except to the extent that it is required to be disclosed by judicial decision, all Confidential Material subject to this Order shall be kept in a confidential manner, with appropriate safeguards against dissemination, and may be disclosed to and disseminated among the following persons only:

      a.      The parties' attorneys, and the employees under the direct supervision of the parties' attorneys, who are working on this action;

      b.      Any person not employed by a party who is expressly retained by the party's attorneys, to assist in the conduct of this litigation;

      c.      Any director, officer, employee, auditor, taxing or regulatory authority or representative of a party who in the normal course of business would have access to the Confidential Material but for its confidential designation, or a reinsurer or any other person to whom a party has a business or legal obligation to provide such information;

      d.      Any employee of a party who is required by such party to work directly on this litigation, but only in connection with such work;

      e.      Any person from whom testimony is taken or may be taken in this litigation, except that such person may only see and retain copies of Confidential Material in preparation for or during his or her testimony; and

      f.      The Court, court personnel, and court reporters involved in this litigation.

4. Any person who makes any disclosure of Confidential Material permitted by this

1246901.1

Order shall advise each person to whom such disclosure is made of the terms of this Order and shall request assurances from that person that he or she will comply with the terms of this Order.

5. Nothing herein shall prevent disclosure of Confidential Material as required by law or as compelled by order of any court. Nothing herein shall restrict any Producing Party's use of its own Confidential Material. Nothing in this Order shall be construed in any way to control the use, dissemination, publication, or disposition by any party of documents or information that are received by that party outside of the discovery process in this action.

6. A party may utilize Confidential Material in support of motions, briefs or other papers filed in this action, so long as appropriate steps are taken to ensure that such Confidential Material is treated in a manner consistent with this Order and that the Uniform Rules on Impoundment Procedure are followed. A party may utilize Confidential Material in connection with any hearing or other proceeding before the Court and may introduce such Confidential Material at trial. A party who intends to use Confidential Material at trial or hearing shall exercise best efforts to notify the Producing Party of its intent to do so at least fourteen (14) days prior to the trial or hearing, or as soon as practically possible before the trial or hearing at which the use of Confidential Material is contemplated. Confidential Material that is utilized in connection with briefs, motions or other papers filed with the Court, or that is utilized in trial or hearings before the Court, shall not lose its confidential status through such use.

7. With respect to any Confidential Material designated in conformance with this Order, a party's counsel may at any time serve a written "Notice of Objection" to such designation upon the Designating Party's counsel (with copies to counsel for every other party). The Notice of Objection shall specify the materials which that objecting party believes are not properly classified as Confidential Material, and shall specify the reasons for declassification.

The Notice of Objection may state either that declassification is desired generally, or that it is desired for a specific purpose.

8. Within 15 days of receipt of a Notice of Objection under Paragraph 7, above, the Designating Party shall review the material whose declassification is sought, and shall provide written notice to every party stating whether the Designating Party will agree to the declassification of such material or any part thereof. The objecting party and the Designating Party shall make a good faith attempt to resolve the dispute through personal consultation and reasonable attempts to resolve their differences in accordance with the Massachusetts Rules of Civil Procedure and the rules of this Court. Should these efforts prove unsuccessful in resolving the dispute, any party shall be free to seek declassification of the specified material by motion addressed to the Court. Such motion shall set forth a description of the nature of the designated material in question and the reasons why the movant believes it should be declassified. The Designating Party shall have the burden of demonstrating that the Confidential Material for which declassification is sought is in fact entitled to such designation under this Order. The designated material in question shall continue to be treated as Confidential Material subject to the terms of this Order until the Court acts on the motion, and thereafter, if the Court's ruling does not declassify the material.

9. A Producing Party's failure to designate any particular information as Confidential Material in accordance with the terms of this Order shall constitute a waiver of that party's assertion of confidentiality with respect to such information only if the producing party fails to designate such material as Confidential within thirty (30) days after being notified by another party that the material has not been designated confidential. At any time, and notwithstanding any other provision of this Order, a Producing Party may stipulate in writing,

with the assent of the other parties to this action, that particular information, inadvertently omitted from confidential designation, is in fact Confidential Material.

10. Within thirty (30) days following the conclusion of this action and any appeals therefrom, the parties agree to return all Confidential Materials, including copies thereof, to the party by whom that Confidential Material was produced; or, at the receiving party's election, to destroy all such materials and copies thereof. Within thirty (30) days thereafter, the Producing Party may, at its option, require any party hereto to submit a certification attesting to the fact that it has complied with the provisions of the preceding sentence. However, nothing in this Order shall limit an insurer's right to maintain Confidential Materials necessary to the resolution of any reinsurance or regulatory proceedings. In the event an insurer needs to maintain Confidential Materials for reinsurance or regulatory purposes, that insurer shall, if requested, so notify the requesting party of the need to maintain the Confidential Materials. Any Confidential Materials retained for reinsurance or regulatory purposes shall be returned or destroyed once the Confidential Materials are no longer needed for reinsurance or regulatory purposes.

11. The terms of this Order shall not be modified, supplemented or terminated except by agreement of all parties hereto. Should any party to this litigation, or any Producing Party, desire to modify, supplement or terminate this Order, all parties shall attempt, in good faith, to reach agreement as to such modification, supplementation or termination. Should such agreement not be reached, the party desiring modification, supplementation, or termination may seek appropriate relief from this Court.

12. If information subject to a claim of privilege or any other ground on which production of such information should not be made to any party is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any

claim of privilege, work product or other ground for withholding production to which the producing party would otherwise be entitled, provided that the producing party gives written notice to the other party, within twenty-one (21) days of the date of learning of the inadvertent production, that the producing party claims the document or a portion thereof contains privileged information.  The notice must state the nature of the privilege.

13. Upon receipt of timely notice under Paragraph 12, above, the recipient of inadvertently produced material shall promptly return to the claiming party that material (or the portion thereof) as to which the claim of inadvertent production has been made, including any copies that are not destroyed.  In the event that only part of the document is claimed to be privileged, the producing party shall furnish redacted copies of the document, redacting only the portion(s) claimed to be privileged, together with written notice.  The party returning such material may then move the Court for an order compelling production of the material, but said motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production unless the producing party did not provide timely notice of the document's inadvertent production.

14. If any party to this Order receives from any third party a request or demand for production or disclosure of any Confidential Material (including, but not limited to, a subpoena, document request, or court order), the receiving party shall promptly give notice of that request or demand and furnish a copy thereof to the Designating Party and all other parties to this Order, so that any interested party may take appropriate steps to protect the confidentiality of the Confidential Material that is being sought.

SO ORDERED:

This  23rd  day of July, 2007.

/s/ James R. Muirhead
James R. Muirhead
U.S. Magistrate Judge